IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

8:26-cv-2106-TPB-LSG

:Tyler – David:  Royster
        Plaintiff

vs.

PINELLAS COUNTY FLORIDA
        DEFENDANT

Case No.

JUL 22 2026 AM 11:37
FILED - USDC - FLMD - TPA

**42 U.S.C. § 1983 COMPLAINT FOR DEPRIVATION OF RIGHTS UNDER COLOR OF LAW UNDER  MONELL V. DEPARTMENT OF SOC. SVCS. 436 U.S. 658 (1978)**

Plaintiff: Tyler – David:  Royster alleges as follows:

1.    This is a 42 U.S.C. § 1983 civil rights action for deprivation of my rights which occurred at 315 Court St., Clearwater, FL 33756, arising from Defendant's  use of an unconstitutional policy to fraudulently establish my identity and unlawfully as evidence thereof in order to coerce me to satisfy the 18 U.S.C. § 8 obligation of the United States supported by the following facts:

**I.    Parties to This Complaint**

**A. The Plaintiff**

2.    Tyler of the Family Royster, who receives correspondence at
General Delivery Clearwater Florida 33765
Republic of Florida, Pinellas
Real land North America: Non Domestic

**B. Defendant 1:**

3.    Pinellas County Florida hereafter ("287.058 (2) contractor") are persons for purposes of § 1983. *See Miranda v. Clark County, Nev.*, 319 F.3d 465, 469 (9th Cir. 2003) (*en banc*); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). Municipal government officials are also persons for purposes of § 1983. *See Monell*, 436 U.S. at 691 n.55. Its principal place of business is 315 Court St., Clearwater, FL 33756.

**II. This Court Has Subject Matter Jurisdiction**

4.    Pursuant to the 287.058 (2) contractor entering into a 45 C.F.R. § 302.34 federal contract, and its performance under 45 C.F.R.§ 303.107 federal terms; compliance with the submitted 45 C.F.R. § 301.10 plan; by receiving 42 U.S.C. §  654(22) share of incentive payments; Its use of the 42 U.S.C. § 405 policy of the United States; and the utilization of 20 C.F.R. § 422.103(d) federal property, Federal question jurisdiction allows this Honorable Court to hear this civil case arising under the Constitution, and federal laws, granting this Court subject-matter power over the disputes involving my federal rights and issues, codified in 28 U.S.C. § 1331.

**III.    Defendant Acted Under Color of Law**

5.    The question of whether a person who has allegedly caused a constitutional injury was acting under color of state law is a factual determination. *See Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam). Title 42, home of IV-D of the Act, is a non-positive law title. The Act was editorially compiled and organized into the title, but title 42 itself has

Page 1 of 4             TDR07012633             07/01/2026

IFP

never been enacted into a positive law title, and constitutes no legal evidence of the law in federal or state courts *Id*. 1 U.S.C. § 204.

6.     Even where state officials are administering a federally funded program, the state officials are still acting under color of state law. *See Tongol v. Usery*, 601 F.2d 1091, 1097 (9th Cir. 1979).

## IV.     Nature of the Matter Before the Court

7.     The gravamen of this complaint is that the 287.058 (2) contractor in collusion with the IV-D agency via a 45 C.F.R. § 302.34 federal contract did, as a matter of official policy of the United States utilize the social security number Plaintiff held to obtain, employment, open a bank account, or to obtain benefits from certain U.S. agencies to establish my identity, and used it as evidence of Plaintiffs' identity for 42 U.S.C. § 658a purposes.

8.     The requirements of statutorily prescribed procedures mandates that the number shall be furnished to the 287.058 (2) contractor enforcing the order under 42 U.S.C. § 666(a)(C)(3). Notice of said number shall be furnished to the County in collusion with the IV-D agency enforcing the order. *Id*. 42 U.S.C. § 666(a)(13)(B).

9.     Pursuant to 20 C.F.R. § 422.103(d) social security cards, numbers, and legal names thereupon are the property of the SSA that must be returned upon request. Identification by this number is strictly prohibited in accordance with the Office of Legislation and Congressional Affairs (OLCA), SSA - POMS: RM 10210.430 - What Documents Are Not Evidence of Identity for an SSN Card - 08/29/2023: social security numbers cannot be used as evidence of identity or used to establish identity. Although the CRBA is listed as a secondary proof of identity document in RM 10210.420A.2 it is not to be accepted in domestic offices e.g., IV-D agency, as a proof of an identity document. (OLCA) on Social Security History (ssa.gov) further mandates that by itself the social security number is not a personal identifier because it lacks systematic assignment to every person and the means to authenticate a person's identity.

## Causes of Action

10.     Plaintiff Tyler certifies under 42 U.S.C. § 405(b)(C)(2)(c)(i) evidence that it is the policy of the United States that any State or political subdivision thereof may, in the administration of IV-D, utilize the social security numbers issued by the Social Security Administration for the purpose of establishing the identification of individuals for profit and alleges the following:

### First Cause of Action: Deprivation of the First Amendment
### (287.058 (2) contractor)

11.     The identification policy violated Plaintiffs' First Amendment right not to associate with the local partnership and its 287.058 (2) contractors. The policy deprived me of my right not to participate in a federally funded program against my will. The policy also compelled me to be a part of an organization and support its mission, visions, and purposes to which I disagreed.

### Second Cause of Action: Deprivation of the Fourth Amendment
### (Against 287.058 (2) Contractor)

12.     The identification policy violated Plaintiffs' Fourth Amendment right to be secure in my person, papers, houses, and effects. Under the policy the 287.058 (2) contractor circumvented these constitutional protections by using the SSA's property for identification purposes to conduct unreasonable searches and seizures of financial and other assets I honestly acquired held under that number. Because it was the SSA's property it did not require Fourth Amendment probable cause, or a warrant depriving me of my expectation of privacy.

### Third Cause of Action: Deprivation of the Fifth Amendment
### (Against 287.058 (2) contractor)

13.     The identification policy violated Plaintiff's inalienable Fifth Amendment rights because use of the number identification is 100% incriminating for 42 U.S.C. § 651 purposes by operation of law. By using the 20 C.F.R. § 422.103(d) property for identification purposes forbidden under OLCA regulations, 287.058 (2) contractor knowingly circumvented the constitution, in order to breach Plaintiff: Tyler – David:  Royster protection against self-incrimination. Based on the fact that I never personally applied for or signed a SSN on Form SS-5 or SSN card, I was deprived of due process of law because I was never lawfully notified of its routine uses within System of Records Notices (SORN) 60-0058, 60-0090, 60-0103, and 60-0104.

### Fourth Cause of Action: Deprivation of the Thirteenth Amendment
### (287.058 (2) Contractor)

14.     The identification policy violated Plaintiffs' Thirteenth Amendment rights because it was used to establish evidence of 20 C.F.R. § 422.103(d) identity for § 651 purposes. The identification under ownership conferred slavery. The policy deprived me of my rights against involuntary servitude, which is now the condition of Plaintiff who is compelled under threat, duress, and coercion to labor against my will to satisfy an 18 U.S.C. § 8 obligation or other security of the United States or face imprisonment and other acts of coercion and oppression for failing to do so.

### *Monell* Claims for use of Policy and Custom
### (Against Pinellas County)

15.     The identification policy and custom satisfies the elements of *Monell  v. Department of Social. Services*, 436 U.S. 658 (1978) as: (1) deprivation of a federal right; (2) the governmental action can be traced to the deprivation, *i.e.,* policy or custom; (3) policy or custom demonstrated the governmental entity's fault, *i.e.,* deliberate indifference; and (4) the units actions were the moving force behind the federal violation. *Dean v. Wexford Health Service, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021).

### Conclusion

16.     The SSN is the *key* piece of information around which the IV-D information system is constructed. All IV-D computer searches need the SSN in order to operate effectively. "Key gives reference by which an indefinite description of property is made certain". *Erwin v. Hardin*, 187 Ga. 275, 200 S.E. 159, 162. This means 20 C.F.R. § 422.103(d) property, and without it, the 287.058 (2) contractor has no ability to use automated systems to locate the Plaintiff's assets or employer. The policy or custom requirement applies irrespective of whether the remedy sought is money damages or prospective relief. *Los Angeles County, Cal. v. Humphries*, 131 S. Ct. 447, 451 (2010).

### Prayer for Relief

17.     WHEREFORE, based on the 42 U.S.C. § 405 policy and custom, this Honorable Court should pursuant to 42 U.S.C. § 1983 hold that Pinellas County is liable to Plaintiff: Tyler – David:  Royster for subject me under color of law to the deprivation of my rights and immunities guaranteed; and

(a).     AWARD Plaintiff termination of unsolicited IV-D services with zero arrears, and removal of any negative reports against my credit history, and;

(b).    AWARD Plaintiff: Tyler – David:  Royster a full refund of $30,000.00 with 6% interest of $1,800.00 for an aggregate sum of $31,800.00;

(c).    AWARD Plaintiff: Tyler – David:  Royster $1,500,000.00 compensatory, punitive, and other damages against Pinellas County for the encroachment upon my inherent rights to life, liberty, and my pursuit of happiness, and for subjecting Plaintiff: Tyler – David:  Royster to the deprivations of my rights secured that resulted in significant financial losses which caused Plaintiff: Tyler – David:  Royster to suffer from emotional distress in causes 1-4;

(d).    AWARD Plaintiff: Tyler – David:  Royster reasonable legal fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988 as the prevailing party; and

*A Jury Trial is Demanded*.

Respectfully Submitted:

_:Tyler – David: Royster_
Tyler of the Family Royster